UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,

      Plaintiff,

v.                                     Case No.:   2:24-cv-186-KCD

RACHEL D. BROCKMAN and
ELIZABETH A. BROCKMAN,

      Defendants.
_____/

## ORDER

Before the Court is Defendant Elizabeth A. Brockman's Motion to Quash or Modify Subpoena to Non-Party Northwestern Mutual Life Insurance Company, or Alternatively, Motion for Protective Order. (Doc. 41.)[1] Defendant Rachel D. Brockman responded in opposition (Doc. 45), making this matter ripe. For the reasons below, the motion is denied.

### I. Background

This is an interpleader action concerning the proceeds of a life insurance policy issued to Dr. J.B. Brockman, Jr. ("Policy"). The Policy was obtained and maintained by Dr. Brockman as part of a marital settlement agreement with

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

his ex-wife, Defendant Rachel D. Brockman, "to secure his support obligations." (Doc. 41 at 2.) Dr. Brockman died in 2023 and was survived by his wife Defendant Elizabeth A. Brockman,[2] their daughter, and his two children from the previous marriage to Rachel.

Rachel alleges that Dr. Brockman breached the marital settlement agreement by altering the Policy to name Elizabeth as a beneficiary. (Doc. 22.) Because there is a dispute about the Policy proceeds, Northwestern Mutual filed this interpleader action. Northwestern Mutual was dismissed with prejudice after it deposited the disputed amount of the Policy ($1,089,948.89) into the Court's registry. (Docs. 32, 37.)

During discovery, Rachel issued a non-party subpoena to Northwestern Mutual. (Doc. 39-1.) The subpoena seeks:

> 1. All Life Insurance policies held by Dr. J.B. Brockman, Jr. at the time of his death.
>
> 2. All Life Insurance policy applications made by Dr. J.B. Brockman, Jr.
>
> 3. All change in beneficiary forms prepared and submitted to Northwestern Mutual regarding any policy of insurance held by Dr. J.B. Brockman, Jr.
>
> 4. All documents related to all payouts/distributions made under any insurance policies held by Dr. J.B. Brockman, Jr.
>
> 5. All correspondence and/or communications between Northwestern Mutual Life and Dr. J.B. Brockman, Jr.

---

[2] The Motion refers to Elizabeth A. Brockman as "Ashley," which might be her middle name, but the Court refers to her as Elizabeth.

6. All correspondence and/or communications between Northwestern Mutual Life and Elizabeth A. Brockman.

7. All correspondence and/or communications between Northwestern Mutual Life and Rachel D. Brockman.

(*Id*. at 2.) Northwestern Mutual did not object to the subpoena, but Elizabeth has. Specifically, she asks the Court to quash the subpoena or enter a protective order limiting the subpoena to documents "solely regarding the Policy and not any other life insurance policies applied for or issued to Dr. Brockman by Northwestern." (Doc. 41 at 9.)

## II. Discussion

Elizabeth presents her motion as two-fold: a motion to quash, or, in the alternative, a motion for a protective order. (Doc. 41 at 1.) Assuming the subpoena would involve the release of her personal financial information, Elizabeth first argues that the subpoena should be quashed because it seeks "privileged or other protected matter" under Fed. R. Civ. P. 45(d)(3)(A)(iii). (Doc. 41 at 8.) The request for a protective order, in turn, asks the Court to limit the subpoena to documents "solely regarding the Policy and not any other life insurance policies applied for or issued to Dr. Brockman by Northwestern." (Doc. 41 at 9.) The Court considers each request in turn.

### A. Motion to Quash

Before turning to the merits of Elizabeth's argument, a threshold issue warrants discussion: whether she has standing to quash the third-party

3

subpoena. A party has standing to challenge a subpoena only "if [it] alleges a personal right or privilege." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). For example, "[t]o the extent that Defendants would be required to incur third party discovery costs that rise to the level of an undue burden . . ., [they] have standing to quash on those grounds." *Id.* Otherwise, parties may not challenge third-party subpoenas. "This [rule] excludes challenges on the grounds of oppression and undue burden" placed on the subpoena target. *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, No. 2:16-CV-41-JLB-MRM, 2022 WL 971888, at *3 (M.D. Fla. Mar. 31, 2022); *see also Scoma Chiropractic, P.A. v. Nat'l Spine & Pain Centers LLC*, No. 2:20-CV-430-JLB-MRM, 2021 WL 4991523, at *2 (M.D. Fla. Oct. 27, 2021).

Elizabeth claims she has standing because the "information about life insurance policies other than the Policy require the production/disclosure of [her] confidential financial information and partial net worth." (Doc. 41 at 8.) The argument being that the discovery will reveal how much money was paid to Elizabeth on other life insurance policies held by Dr. Brockman. (*Id.*) She includes no authority to support her argument other than Fed. R. Civ. P. 45(d)(3)(A)(iii).

Simply because the subpoenaed life insurance policies could contain Elizabeth's "confidential financial information" or her "partial net worth" does

4

not mean she has standing. "A party challenging a subpoena seeking . . . financial records from another source lacks standing to move to quash the subpoena under Rule 45." *Zurich Am. Ins. Co. v. Hardin*, No. 8:14-CV-775-T-23AAS, 2019 WL 3082608, at *2 (M.D. Fla. July 15, 2019). As the court in *Zurich* explained:

> In *Auto-Owners Ins. Co. v. Southeast Floating Docs, Inc.*, the defendants moved to quash third-party subpoenas requesting the defendants' financial records. 231 F.R.D. 426, 428 (M.D. Fla. Sept. 28, 2005). The court concluded the financial records sought are business records of non-parties. Defendants have not established any expectation of privacy in their business transactions with other corporations and have not made any factual showing that the records are confidential or proprietary. Therefore Defendants fail to establish a 'personal right' regarding the records ... Therefore, Defendants do not have standing under rule 45 to quash the subpoenas regarding financial records. *Id.* at 429.
>
> To the court's knowledge, third-parties Bank of America, N.A., Wells Fargo, N.A., Cohen & Grieb, P.A., and Morgenstern, Phifer & Messina, P.A. have not objected to or otherwise opposed production of the Hardin's financial records. Like the defendants in *Auto-Owners Ins. Co.*, the defendants have not proven a personal right or privilege in the documents sought and lack standing to challenge the third-party subpoenas. Thus, the defendants' motion to quash the subpoenas at issue is denied.

*Id.* at 2.

The same logic follows here. Elizabeth has not established a sufficient interest to create standing simply because the subpoena seeks her financial information. Any concerns about confidentiality can be solved through redaction or entering a stipulated protective order instead of outright prohibiting the discovery. Nor does Northwestern Mutual appear to have objected to the subpoena on any grounds. Elizabeth's motion to quash is thus

5

denied. *See also Patel v. Fed. Ins. Co.*, No. 6:23-CV-1779-RBD-DCI, 2024 WL 916558, at *2 (M.D. Fla. Mar. 4, 2024) (no standing to quash subpoena "simply because the discovery at issue contains Defendant's financial information").

### B. Motion for Protective Order

Unlike a motion to quash, a party "has standing to seek a protective order precluding . . . irrelevant discovery from a third party or discovery that is beyond the permissible scope of Rule 26." *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-CV-146-MSS-AAS, 2021 WL 7448237, at *2 (M.D. Fla. Aug. 13, 2021); *see also Lesniak v. Geico Gen. Ins. Co.*, No. 219CV494FTM60MRM, 2020 WL 5878022, at *3 (M.D. Fla. Apr. 17, 2020) ("This Court has previously held that parties have standing to move for a protective order if a subpoena seeks irrelevant information."). Thus, Elizabeth has standing to pursue a protective order.

The decision to grant a protective order is within the court's discretion. *Meide v. Pulse Evolution Corp.*, No. 3:18-CV-1037-J-34MCR, 2019 WL 1518959, at *5 (M.D. Fla. Apr. 8, 2019). "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Ins.*, 231 F.R.D. at 429-30 (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "In other words, the party seeking the

6

protective order must show good cause by demonstrating a particular need for protection. . . . Moreover, the alleged harm must be significant, not a mere trifle." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008).

The Federal Rules of Civil Procedure allow wide discovery, making a protective order based on relevance a heavy burden:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "The term 'relevant' in this definition is to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Meide*, 2019 WL 1518959, at *5.

Elizabeth argues that a protective order is needed to prevent the disclosure of her "assets and net worth" because her financial status is not an issue in the case. (Doc. 41 at 8.) For starters, confidentially is generally not grounds to prohibit discovery. *See WNE Cap. Holdings Corp. v. Rockwell Automation, Inc.*, No. CV 09-0733-WS-C, 2011 WL 13254691, at *6 (S.D. Ala. Aug. 4, 2011) ("[C]onfidentiality alone is not an objection which precludes

7

discovery."). Rather, when confronted with discovery seeking the disclosure of confidential information, "the court weighs the claim to privacy against the need for disclosure." *Classic Soft Trim, Inc. v. Albert*, No. 6:18-CV-1237-ORL-40GJK, 2019 WL 11073334, at *2 (M.D. Fla. Apr. 12, 2019).

The party resisting discovery must first establish that the information sought is confidential and its disclosure might cause harm. "The burden then shifts to the party seeking disclosure to show that the information sought is relevant and necessary at this point in the litigation." *Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Const. Co.*, 153 F.R.D. 686, 688 (M.D. Fla. 1994). "The [c]ourt has broad discretion to decide when a protective order is appropriate and what degree of protection is required." *Mchale v. Crown Equip. Corp.*, No. 8:19-CV-707-T-27SPF, 2020 WL 9172021, at *1 (M.D. Fla. Apr. 22, 2020).

The Court is not satisfied Elizabeth has met her burden for a protective order under Rule 26(c). Elizabeth's motion includes no legal authority. (Doc. 41 at 8-9.) And the information sought in the subpoena could be relevant. Any other life insurance policies issued to Dr. Brockman (and for the benefit of Rachel or his children) could establish that he otherwise satisfied his obligations under the marital settlement agreement. The other policies are also relevant to show Dr. Brockman's understanding of the terms of the martial settlement agreement. Simply because the discovery may seek confidential

8

financial information is not a sufficient reason to limit the subpoena as Elizabeth requests. Rather, the parties may designate materials as confidential and redact the information.

At bottom, Elizabeth has not shown good cause or specific injury to support a protective order. The parties, however, may reach their own agreement regarding the designation of materials as "confidential" without the Court's intervention or endorsement. The Civil Action Order makes clear that the Court "does not adopt or endorse confidentiality or other discovery agreement as protective orders," but "will enforce reasonable provisions of such agreements." (Doc. 7 at 4-5.)

Accordingly, it is **ORDERED**:

Defendant Elizabeth A. Brockman's Motion to Quash or Modify the Subpoena to Non-Party Northwestern Mutual Life Insurance Company, or Alternatively, Motion for Protective Order (Doc. 41) is **DENIED**.

**ENTERED** in Fort Myers, Florida on September 30, 2024.

*Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

9